FILED

MAR 4 2014

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

VFA, INC.
99 Bedford Street
Boston, MA 02111-2636,

       Plaintiff,

       v.

UNITED STATES,

       Defendant.

No. 14-173C

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Nature of the Case

1. VFA, Inc. ("VFA") brings this action because the United States Department of Defense ("DoD") determined, without competition and in violation of procurement law and regulation, to standardize on a facility condition assessment process that incorporates a particular software solution for all DoD requirements. This determination was irrational because there are multiple competing processes and products available to provide these same capabilities, including certain VFA processes and products, that were either never considered or never fairly considered. As a direct and proximate result of DoD's determination, VFA is unlawfully denied the opportunity to compete for DoD and DoD component agency requirements.

Jurisdiction

2. This is a protest action by an interested party "objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). Moreover, this action is a "claim against the United States founded

FILED
MAR 4 2014
U.S. COURT OF
FEDERAL CLAIMS

RECEIVED
THE UNITED STATES COURT
OF FEDERAL CLAIMS
2014 FEB 32 PM 2:30

either upon . . . any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Thus, this court has jurisdiction over this protest pursuant to 28 U.S.C. §§ 1491(a) and (b).

## Parties

3. Plaintiff VFA, Inc. is a Delaware corporation with its principal place of business in Boston, MA. Along with related services, VFA provides processes and software solutions used for facility condition assessments. VFA is an interested party to pursue this protest because DoD has determined to standardize on a facility condition assessment process and software other than VFA's through a procurement process that should have been -- but was not -- subject to full and open competition. As a direct and proximate result of DoD's unlawful process, VFA is denied the opportunity to compete for present and future DoD requirements. *See, e.g., McAfee, Inc. v. United States*, 11 Fed. Cl. 696 (2013) (discussing standing); *Savantage Financial Servs., Inc. v. United States*, 81 Fed. Cl. 300 (2008) (same).

4. The United States has acted in this matter through the Department of Defense; the Under Secretary of Defense for Acquisition, Technology and Logistics; and DoD's component agencies.

## Statement of the Case

### Facility Condition Assessment Processes and Software

5. An organization's facilities are among its most significant assets. Yet managing the wealth of information related to those facilities and their various building systems is an ongoing challenge, particularly for organizations with large and geographically diverse portfolios. Data about value, condition, age, and function, as well as about maintenance and

renewal needs, is often scattered across multiple locations and systems, creating islands of knowledge.

6. Facility condition assessment processes and software assist property owners and managers in gathering, maintaining, and analyzing data about their facilities resources and in determining when, where, and how to best maintain building infrastructure. A number of private companies, including VFA, provide such processes and software solutions.

VFA

7. VFA is a leading provider of efficient and cost-effective end-to-end solutions for facilities capital planning and asset management. VFA's facility condition assessment solutions combine facility assessment services, web-based software, and consulting services to facilitate the management of every stage of the capital asset lifecycle -- from requirements gathering and long-term planning to budget creation and spend management. Over the past 15 years, VFA has licensed its software and provided outstanding service to over 40 organizations within the federal government, including various components within DoD. VFA's facility condition assessment software solutions provided to its Government customers support the complete capital management process and include:

    a. VFA.facility® for expert capital planning;

    b. VFA.auditor® for guided facility audits;

    c. VFA.spendManager® for capital spend management; and

    d. AssetFusion® for integrating VFA.facility® with work order management systems.

*See* http://www.vfa.com/products-services/software-solutions/.

CERL's Sustainment Management System

8.   The U.S. Army Construction Engineering Research Laboratory ("CERL") is a subordinate entity of the U.S. Army Corps of Engineers' ("USACE") Engineer Research and Development Center ("ERDC").

9.   Although numerous private businesses provide facilities assessment software, CERL has developed a product that competes with those products, the Sustainment Management System ("SMS"). CERL's SMS includes the following individual software products: BUILDER®; PAVER®; RAILER®; and ROOFER®. *See* http://sms.cecer.army.mil/SitePages/Welcome.aspx. These products, like VFA's software offerings, provide property managers tools for sustainment, restoration, and modernization decisions.

10.   One component of CERL's SMS, BUILDER®, is much like VFA's products in that it can be used to guide the assessment and maintenance of buildings and comparable infrastructure.

11.   On information and belief, for nearly a decade, CERL and its private partners have promoted the use of BUILDER® within the federal government, in return for which CERL receives sustainment fees or other funding.

12.   CERL has also marketed its BUILDER® product in the private sector through licensing arrangements with privately owned distributors, which then compete with companies like VFA for contracts outside the federal government.

13.   Upon information and belief, CERL, with the assistance of a select group of private contractors, has sought to make BUILDER® software the de facto standard in both the

public and private marketplaces for facilities condition assessment software, to the exclusion of historically reliable and effective products such as VFA's.

DoD's Standardization Decision

14.     On September 10, 2013, Mr. Frank Kendall, DoD's Under Secretary of Defense for Acquisition, Technology and Logistics, issued a Memorandum to: the Under Secretary of Defense (Comptroller); the Under Secretary of the Military Departments; the Director of Cost Assessment and Program Evaluation; the Directors of the Defense Agencies; and the Directors of the DoD Field Activities. *See* Attach. A. Notwithstanding its diligent pursuit of this decision through a variety of Freedom of Information Act ("FOIA") requests that VFA, through its counsel, has filed, most of which have been rebuffed by DoD, VFA did not receive a copy of this decision until January 7, 2014, when counsel for VFA serendipitously discovered the decision online at http://www.acq.osd.mil/ie/fim/initiatives.shtm.

15.     That Memorandum, regarding "Standardizing Facility Condition Assessments," stated that it would be beneficial to establish a DoD-wide facility condition assessment process. Attach. A. at 1. Specifically, the Memorandum stated:

> The Department of Defense (DoD) requires a standardized process for facility condition assessments to ensure consistent and reliable data necessary for sound strategic investment decisions in managing the Department's built environment. At present, the Components use different methodologies and schedules to assess facility conditions, resulting in facility condition index data that lacks credibility as a measure of DoD facility quality. Establishing a DoD-wide facility condition assessment process will contribute to a more credible DoD asset management program and will support better buying power by allowing Department leadership to better target fiscal resources to those facilities most in need of investment. Further, adopting a standard process will help ensure that condition data will be audit-ready in accordance with Under Secretary of Defense (Comptroller)'s "Financial Improvement and Readiness Guidance" issued in March 2013.

*Id.*

16.     The Memorandum then *required* that "Defense Components adopt a common process that incorporates the Sustainment Management System (SMS) developed by the U.S. Army Corps of Engineers Engineer Research and Development Center – Construction Engineering Research Laboratory." *Id.*

17.     However, the Memorandum did not address, *inter alia*:

    a.     Why a process incorporating CERL's SMS software was necessary to meet DoD's needs;

    b.     Whether VFA's software solutions, or those of any other competitor(s), could meet DoD's needs;

    c.     How CERL's SMS software solution compared to VFA's or any other competitor's software solution; or

    d.     How DoD could standardize on CERL's SMS software without first allowing for competition, as required by procurement law and regulations.

18.     Nor did DoD ever hold a procurement or utilize competitive procedures to select an appropriate DoD-wide facility condition assessment solution provider.

Violation of Procurement Law and Regulations

19.     DoD's and its components' procurement of facility assessment solutions is subject to, *inter alia*, the Competition in Contracting Act ("CICA") (*codified in part at* 10 U.S.C. §§ 2302 *et seq.*), and the Federal Acquisition Regulation ("FAR"), both of which require full and open competition through the use of competitive procedures.

20.     CICA mandates that, subject to limited exceptions not applicable here:

> [T]he head of an agency in conducting a procurement for property or services—
>
> > shall obtain full and open competition through the use of competitive procedures in accordance with

6

the requirements of this chapter and the Federal
Acquisition Regulation[.]

10 U.S.C. § 2304(a)(1)(A).

21. The FAR echoes this fundamental requirement of competition. *See* FAR §§ 6.101 *et seq.*

22. Additionally, even in the limited circumstances where an agency may lawfully limit competition, CICA and the FAR impose a series of strict procedural requirements related to the justification, approval, and publication of the use of other than competitive procedures. *See, e.g.*, 10 U.S.C. §§ 2304(b)-(f); FAR §§ 6.2-6.3.

23. Here, DoD's standardization determination violated these substantive and procedural statutory and regulatory requirements, and was otherwise arbitrary and capricious.

<u>Equities Supporting Declaratory and Injunctive Relief</u>

24. VFA's facility condition assessment software solutions provide the same critical functionality and capabilities as CERL's SMS software solution, and meet DoD's needs. Were VFA allowed to compete for DoD's and its components' requirements, there is a substantial chance that VFA's facility condition assessment solutions would be selected over CERL's SMS solution.

25. However, as a direct and proximate result of DoD's non-competitive standardization decision, VFA is denied the opportunity to compete for the present and future facility condition assessment requirements of DoD and its component agencies.

26. Thus, without declaratory and injunctive relief, VFA will be irreparably harmed.

27. Moreover, VFA has incurred significant research and development costs in building, updating, and making available its facility condition assessment software solutions to

meet DoD's needs. Without declaratory and injunctive relief, VFA will lose the opportunity to compete for DoD requirements and to recoup its investments.

28. Neither DoD nor CERL have any legitimate interests in unlawfully awarded contracts. The balance of harms thus favors declaratory and injunctive relief.

29. The public interest supports declaratory and injunctive relief to preserve the integrity of the procurement process. Without such relief, VFA (and other private companies) will be foreclosed from the opportunity to compete for DoD's facility condition assessment needs, in violation of CICA and regulatory requirements and their goals of fostering competition to assure the public of the best value. There is no harm to the public weighing against the requested relief. The VFA facility condition assessment solutions provide a better value to the government than CERL's SMS software solution. In any event, the public interest requires competition in these circumstances to determine the best value in the particular circumstances.

## Causes of Action

### Count I – Violation of the Competition in Contracting Act

30. VFA realleges and incorporates by reference the allegations of paragraphs 1 through 29 above, as if fully set forth herein.

31. DoD's September 10, 2013 standardization decision and any and all of its components' procurement of facility condition assessment solutions consistent therewith -- to the exclusion of VFA -- violates CICA's substantive requirement of full and open competition and procedural requirements for the use of other than competitive procedures. *See* 10 U.S.C. § 2304.

### Count 2 – Violation of Procurement Regulations

32. VFA realleges and incorporates by reference the allegations of paragraphs 1 through 31 above, as if fully set forth herein.

33. DoD's September 10, 2013 standardization decision and any and all of its components' procurement of facility condition assessment solutions consistent therewith -- to the exclusion of VFA -- violates the FAR's substantive requirements of full and open competition and procedural requirements for the use of other than competitive procedures. *See* FAR Parts 5 and 6.

### Count 3 – Arbitrary and Capricious Agency Action

34. VFA realleges and incorporates by reference the allegations of paragraphs 1 through 33 above, as if fully set forth herein.

35. DoD's September 10, 2013 standardization decision and any and all of its components' procurement of facility condition assessment solutions consistent therewith -- to the exclusion of VFA -- was arbitrary, capricious, and an abuse of discretion.

### Requests For Relief

36. Plaintiff VFA respectfully requests this Court to enter judgment in Plaintiff's favor and to provide the following relief:

   a. A declaratory judgment that DoD's standardization decision was unlawful and improper;

   b. An injunction directing DoD and its components to immediately cease implementation of the September 10, 2013 standardization decision and any and all procurements requiring the use of CERL's SMS software.

   c. An injunction prohibiting DoD and its components from implementing the September 10, 2013 standardization decision and/or from acquiring any facility condition assessment solutions without first complying with applicable statutory and regulatory requirements, including but not limited

to conducting a competitive procurement in accordance with applicable law and regulations to select a facility condition assessment solution that best satisfies DoD's needs;

d. Attorneys' fees and expenses of this action; and

e. All other relief this Court deems just and equitable or to which VFA is otherwise entitled.

March 4, 2014

Respectfully submitted,

_____
John E. McCarthy Jr.
(Counsel of Record)
Robert J. Sneckenberg

Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Tel: (202) 624-2579
Fax: (202) 508-8989
JMcCarthy@crowell.com
RSneckenberg@crowell.com

Julia Huston (*pro hac vice* admission to be requested)
Daniel L. McFadden (*pro hac vice* admission to be requested)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Tel: 617-832-1000
Fax: 617-832-7000
jhuston@foleyhoag.com
dmcfadden@foleyhoag.com

*Attorneys for VFA, Inc.*